UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR09-0084-MJP |
| Plaintiff, | |
| v. | |
| DONATA BAYADOVSKIY, | DETENTION ORDER |
| Defendant. | |

Offense charged:  Conspiracy to Commit Bank, Mail and Wire Fraud; Bank Fraud; Mail Fraud; Wire Fraud; False Statement on Loan Application; Monetary Transactions Using Criminally Derived Property; Forfeiture Allegations

Date of Detention Hearing:  April 14, 2009

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

/ / /

DETENTION ORDER　　　　　　　　　　　　　　　　　　　　　　　　　　　　　15.13
18 U.S.C. § 3142(i)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Rev. 1/91
PAGE 1

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Defendant is charged in a forty count Indictment, together with eight co-conspirators, with the above-listed offenses. The Indictment describes the means and manner of the conspiracy as an agreement to induce "straw buyers", and other persons who were otherwise unqualified to obtain financing in order to apply for mortgage loans to purchase properties selected by the defendants. By allegedly failing to disclose the true financing arrangements underlying the purchase transactions and by making false and fraudulent representations, lending institutions extended financing, which the defendants diverted to a significant extent to their personal benefit. The government alleges that the defendants undertook efforts to hide the conspiracy and the acts committed in furtherance thereof. The government contends that tens of millions, and perhaps hundreds of millions, of dollars in loan proceeds were fraudulently obtained, a significant portion of which has not been recovered. The government contends that this defendant was a main participant in the conspiracy, that the loss figure (for purposes of the Sentencing Guidelines) is "astronomical", which will result, if convicted, in a high guidelines range and the likelihood of a lengthy prison term.

(2) The defendant, a naturalized U.S. citizen with dual Israeli citizenship and an Israeli passport, was born in Azerbaijan. She married Vladislav Baydovskiy, a co-defendant, in Israel in 2003 and relocated to the United States. She has traveled to Israel since relocating to this country, and her parents are permanent residents of Israel where her sister also resides. Her parents have custody of her youngest child and are seeking temporary custody of her older child.

(3) The government proffers documents that are purported to show that the fraud activity has not stopped and that the defendant has continued to conduct escrow business. The

government's exhibit suggests that the defendant has an address in Oregon not previously disclosed to pretrial services.

(4) The defendant poses a risk of danger due to a history of foreign travel, a strong connection to another country, possible discrepant information about addresses the defendant is using, and the lack of verification of financial information, including the contention that a very significant portion of the proceeds of the alleged fraud have not been located or recovered. The defendant poses a risk of financial danger due to the nature of the instant allegations, the defendant's alleged role, and the sophisticated and extensive nature of the alleged scheme.

(5) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

01     (4)     The clerk shall direct copies of this Order to counsel for the United States, to

02     counsel for the defendant, to the United States Marshal, and to the United States

03     Pretrial Services Officer.

DATED this 14th day of April, 2009.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER     15.13
18 U.S.C. § 3142(i)     Rev. 1/91
PAGE 4