Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DONATA BAYDOVSKIY<br>a/k/a NETA BRENNER,<br><br>  Defendant. | NO. CR-09-0084-MJP<br><br>GOVERNMENT'S<br>SENTENCING MEMORANDUM<br>RE: DONATA BAYDOVSKIY<br><br>[Hearing Date: December 18, 2009] |

## I. INTRODUCTION

Defendant Donata Baydovskiy comes before the Court having pled guilty to knowingly and willfully making and causing to be made false, fraudulent and fictitious material statements and representations in a matter within the jurisdiction of the United States Department of Housing and Urban Development, in violation of Title 18, United States Code, Sections 1001 and 2. The false statements were made in connection with a real estate purchase and sale transaction closed at Emerald City Escrow. The transaction, including acquisition of the purchase money loan, occurred during the course of a widespread mortgage scheme. All of Defendant Baydovskiy's co-defendants pled guilty to conspiring to commit bank fraud, mail fraud, and wire fraud in violation of Title 18, United States Code, Section 371.

The charged conspiracy arose from a scheme to defraud lending institutions into making mortgage secured purchase money and refinance loans. An additional aspect of the

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

scheme included defrauding otherwise unqualified prospective borrowers to secure purchase money loans based on false and fraudulent representations. The defendants profited from the scheme by charging excessive fees and diverting some of the fraudulently obtained loan proceeds to themselves. The scheme succeeded in large part due to the defendants' ownership and operation of both a mortgage loan brokerage business (Kobay and Nationwide) and an escrow operation (Emerald City Escrow). Ms. Baydovskiy assisted in implementing the scheme by preparing the documentation necessary to close transactions funded by fraudulently obtained loans.

## II.   FACTUAL BACKGROUND

The facts and circumstances underlying the offense conduct for which Ms. Baydovskiy pled guilty are summarized in the Plea Agreement and Presentence Report. (See Plea Agreement, pp. 5-6; P.S.R. ¶¶ 14-34). The agreed statement in the Plea Agreement is repeated below for the court's convenience.

Emerald City Escrow, LLC ("Emerald City") was a Washington State limited liability company established on or about September 15, 2005. Emerald City commenced operations in February 2006 and ceased operations in December 2008. Documents filed with the Washington Secretary of State's Office establishing Emerald City identify the Defendant as one of the managers of the business. Emerald City was engaged in the business of acting as an intermediary to facilitate the purchase and sale of real property. Emerald City, through the actions of its employees and principals, prepared, obtained and delivered written instruments, money, and other things of value to complete or close real property transactions. The Defendant's job duties as an employee of Emerald City included preparing and submitting HUD-1 Statements to lending institutions.

On or about February 5, 2008, while performing escrow services on behalf of Emerald City, the Defendant prepared, and caused to be prepared, closing documents for a real estate purchase and sale transaction. According to the terms of the parties purchase and sale agreement, E.V. agreed to purchase a home located at 209 P Street S.W. in Quincy, Washington from Quincy 132 LLC for $459,950. E.V. applied for, and obtained, a purchase

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

money loan of $343,920, leaving a balance of $116,030 owing by the purchaser to satisfy the purchase and sale agreement. Neither E.V., nor anyone acting on her behalf, paid the outstanding balance required by the purchase and sale agreement. This fact was concealed from the lender through the Defendant's preparation of two false and fraudulent HUD-1 Settlement Statements.

HUD-1 Statements are standard forms used to facilitate the closing of residential real estate purchase and sale transactions. They are used to identify and allocate expenditures and payments associated with the transaction. The form is intended to conspicuously and clearly itemize all charges imposed on the borrower and the seller. Lending institutions rely on the accuracy of HUD-1 Statements to ensure loan proceeds are applied appropriately to protect the lender's security interest in the purchased property. The forms were developed for use by the United States Department of Housing and Urban Development.

Defendant willfully and knowingly prepared one HUD-1 Statement for submittal to the lender on which she represented that E.V. paid $120,114.84 in cash at the time of closing to complete the transaction. In truth and in fact, and as Defendant well knew, E.V. paid nothing toward closing the transaction. Defendant willfully and knowingly prepared a second HUD-1 Statement for submittal to the lender on which she represented that the seller, Quincy 132 LLC, received $116,552.53 in cash at the time of closing. In truth and in fact, and as the Defendant well knew, the seller did not receive any cash at closing.

The HUD-1 Statements prepared by the Defendant and submitted to the lender concealed the underlying purchase and sale transaction in which the negotiated sale price was less than the purchase money loan. This concealment prevented the lender from learning the true nature of expenditures and payments associated with the purchase and sale transaction. The false information entered onto the fraudulent HUD-1 Statements was material to the activities of the Department of Housing and Urban Development in that it had a natural tendency to influence, or was capable of influencing, the Department's decisions or activities.

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## III. ADVISORY GUIDELINE CALCULATION

The parties' plea agreement does not include an agreed advisory guideline calculation. For the reasons stated below, the government does not agree with the offense level computations reached by the Probation Office and set forth at ¶¶ 38-49 of the Presentence Report. Specifically, the government believes there is insufficient information to hold the Defendant accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" for purposes of assessing a loss amount. U.S.S.G. § 1B1.3(a)(1)(B). In addition, the government does not support application of the two level decrease based on characterizing the Defendant's role as "minor." The government contends the following calculation is appropriate:

    a.    A base offense level of six (6), pursuant to USSG § 2B1.1.(a)(2) ........ 6

    b.    An six (6) level increase pursuant to USSG § 2B1.1.(b)(1)(D) because a reasonable estimation of the actual losses sustained by the victim of the fraudulent escrow transaction was more than $30,000 but not more than $70,000 ....................................................... 6

    e.    A three (3) level increase pursuant to USSG § 3B1.1.(b) because the defendant was the manager or supervisor of criminal activity involving five or more participants or was otherwise extensive .............................. 3

    e.    Acceptance of Responsibility ................................................................. [2]

        TOTAL ADJUSTED OFFENSE LEVEL  ............................................. 13

The resulting advisory guideline range would be 12 to 18 months applying a criminal history category of I.

    **A.**    **Defendant Baydovskiy Could Not Have Reasonably Foreseen The Full Scope Of The Scheme**

The Defendant objects to being held responsible for the entire amount of the loss attributable to the scheme. She asserts that the amount of the loss reasonably foreseeable to her is limited to the single transaction outlined in the plea agreement. While this assertion ignores the dozens of other transactions for which she served as the closing agent, the government does not believe that there is sufficient information to sustain the position that she could have reasonably foreseen the full amount of the fraud loss.

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Under the advisory sentencing guidelines, a defendant may be held accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). The guidelines define "jointly undertaken criminal activity" as "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." U.S.S.G. §1B1.3 cmt. n.2.  To be held responsible for the conduct of others, the conduct must be both (1) "in furtherance of the jointly undertaken criminal activity" and (2) "reasonably foreseeable in connection with that criminal activity." Id. § 1B1.3 cmt. n.2; United States v. Ortiz, 362 F.3d 1274, 1275 (9th Cir. 2004).

Courts have focused on a defendant's awareness of the larger enterprise and roles played by other participants when assessing what was reasonably foreseeable. *United States v. Boatner,* 99 F.3d 832, 836-37 (7th Cir. 1996); *United States v. Narvaez*, 995 F.2d 759, 763 (7th Cir. 1993). Ms. Baydovskiy was one of the founding owners of Emerald City Escrow.  The decision to start the company, however, was not her own.  She was recruited by her husband, co-defendant Vladislav Baydovskiy, to conduct loan closing services for loans he brokered through a number of lenders. There is no information indicating that Ms. Baydovskiy knew the extent of the fraudulent representations used by her husband and his colleagues at both Kobay and Nationwide.  There is information indicating that her husband provided closing instructions, including how to prepare fraudulent settlement statements to conceal the fraudulent diversion of loan proceeds to himself and others.  Ms. Baydovskiy did not have access to accounting records for either Nationwide or Emerald City.  She had to rely on her husband to provide financial information regarding both the businesses and their personal lives.  Apparently, that information was not forthcoming.

**B.   Ms. Baydovskiy Was Not A Minor Participant In The Scheme**

Ms. Baydovskiy's apparent lack of direct information regarding the full scope of the scheme should not be interpreted as a basis for finding that she was a minor participant.  It would be error to equate lack of knowledge with minimal participation. Ms. Baydovskiy was one of three founding members of Emerald City.  She was the only founding member with any prior experience in the escrow business.  Other participants in the scheme relied on that experience during the initial stages of the escrow operations.  While it is true that she was occasionally absent from the business, she

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

continued closing transactions for her husband and others. A review of Emerald City banking records confirm that Ms. Baydovskiy was paid an annual salary of approximately $90,000.

As previously noted, Emerald City was a key component of the scheme. The Defendant's efforts were a significant contribution to the success of the company, and thus efforts to conceal the scheme from lenders. The operation of a "captive" escrow company prevented lenders from discovering the true nature of the fraudulent transactions.

### C. Ms. Baydovskiy Was A Manager Or Supervisor Of Criminal Activity That Involved Five Or More Participants Or Was Otherwise Extensive

As noted above, Ms. Baydovskiy was a founding member of Emerald City Escrow. Her knowledge of the escrow closing process was instrumental in the early efforts of others to divert fraudulently obtained loan proceeds and conceal the scheme from lenders. She oversaw the closing of most of her husband's fraudulent transactions. Those transactions were built on false information provided to lenders in a wide variety of fraudulent documentation prepared by Mr. Baydovskiy and others working on his behalf. While she may not have known the full extent of the scheme, Ms. Baydovskiy was aware that many of the required settlement statements she prepared were fraudulent. In addition, Ms. Baydovskiy was generally aware that other escrow closers working at Emerald City were engaging in the same fraudulent conduct. As a full equity member of the business, she had, and at times exercised, her authority in personnel and operation decisions. Co-defendant David Sobol's role as day-to-day manager did not diminish her authority or the ability to exercise that authority.

## IV. RECOMMENDATION & JUSTIFICATION

### A. Criminal Fine, Restitution, Supervised Release

The government believes that Ms. Baydovskiy lacks the necessary resources to pay a criminal fine. Most, if not all, of the Baydovskiy's readily identifiable assets were seized by the government and will be forfeited. Consequently, the government will not oppose a request that the fine be waived.

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The charged conduct to which Ms. Baydovskiy pled guilty involved offenses "committed by fraud or deceit," imposing a mandatory restitution obligation. 18 U.S.C. §3663A(c)(1)(A)(ii). Section 3663A(d) of the Mandatory Victim Restitution Act provides that "[a]n order of restitution under [the Act] shall be issued and enforced in accordance with section 3664. 18 U.S.C. § 3663A(d).

The government respectfully recommends that this court impose a restitution amount that reflects an appropriate apportionment of liability and fairly accounts for the Defendant's contribution to the fraudulent scheme and her economic circumstances, consistent with Title 18, United States Code, Section 3664(h). Ms. Baydovskiy acted under the direction of her husband. As noted in the Presentence Report, Mr. Baydovskiy exercised complete control over the family finances and did not disclose the true extent of the fraud proceeds he had been amassing. While Ms. Baydovskiy did enjoy the lifestyle afforded by her participation in a multi-million dollar fraud scheme, she relied entirely on her husband in both accumulating that wealth and sharing the benefits.

The government has seized approximately $2.4 million in assets from the Baydovskiys. All of the assets had been titled in Mr. Baydovskiy's name as a "single person" even though many had been acquired during the marriage with community funds. The Baydovskiy's were married during the entire pendency of the charged scheme. Both of the Baydovskiys have agreed to forfeit all of their respective interests in the seized assets. Consequently, Ms. Baydovskiy has already agreed to contribute her community property interest in a significant number of assets.[1] The government anticipates applying those assets against the outstanding restitution obligation to be determined by this court in a subsequent proceeding. Given her agreement to forfeit, Ms. Baydovskiy will have effectively made a significant contribution toward the pending restitution obligation.

---

[1] *See United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir. 2009)("Even though [spouse] was not a party to, nor guilty of any criminal wrongdoing in connection with, [defendant/spouse's] fraud, her community property interest in the Proceeds is subject to [defendant/spouse's] obligations under the restitution order entered by the district court.")

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Ms. Baydovskiy apparently brought no assets into the marriage. The agreement to forfeit, coupled with the likelihood that this court will impose a significant restitution obligation on her husband, and the prospect that future acquired assets will be subject to the restitution obligation, effectively prevents her from profiting from either her or her husband's criminal conduct. The government requests that the judgment imposed against Ms. Baydovskiy find that she be found jointly and severally liable for any amount imposed against Vladislav Baydovskiy; but that the government may only seek to satisfy that restitution obligation by seeking and executing on assets acquired exclusively during the pendency of the marriage.

Finally, the government concurs with the Probation Office's recommendation to impose a three year term of supervision. Three years of oversight is necessary to reduce the likelihood of recidivism.

**B.     Term of Imprisonment**

In consideration of the factors set forth in 18 U.S.C. § 3553(a), together with an advisory guideline range of twelve (12) to eighteen (18) months as advocated by the government, the government recommends that this Court sentence Defendant Baydovskiy to fifteen (15) months of imprisonment.

**1.     The Nature and Circumstances of the Offense**

The Defendant's admitted offense conduct, the preparation of false settlement statements in a successful effort to conceal a fraudulent loan transaction, should be viewed in the context of the larger scheme. Her submittal of the falsified statement, knowing it was false, and knowing that the misrepresentations were material to the lender, furthered not only the admitted transaction but the overall scheme. As this court is aware from other proceedings in this case, the mortgage fraud scheme practiced by Ms. Baydovskiy's co-defendants was extensive. It spanned several years during which hundreds of false statements were made in an ongoing effort to fraudulently obtain loan proceeds and conceal the conduct. The effort was tremendously successful for several years because participants such as the Defendant were willing to tell lies and steal. The unanimity afforded by the extensive documentation required by the lending process, coupled with a lack of diligent oversight, encouraged more lies and more stealing.

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

### 2. History and Characteristics of the Defendant

Ms. Baydovskiy had some experience working in the escrow business before being recruited by her husband to become a founding member of Emerald City Escrow. This limited experience was beneficial to the early operation of Emerald City. Acting on instructions provided by her husband, she was fairly proficient in closing transactions. She certainly had sufficient knowledge to appreciate the false and fraudulent documentation she was being asked to prepare in aid of the larger scheme to defraud.

As noted in the parties' Plea Agreement, Ms. Baydovskiy agreed to cooperate fully in the government's investigation of the charged scheme. She did honor that commitment by providing an interview during which she gave information related to the activities of her co-defendants. The usefulness of that information, however, was limited based on her limited knowledge of the overall scheme.

### 3. Reflect Seriousness of Offense, Promote Respect for the Law, and Provide Just Punishment

There is little question that the mortgage fraud scheme generally, and Ms. Baydovskiy's preparation of false escrow settlement documents specifically, are serious offenses capable of threatening the economic viability of an entire lending industry when not sanctioned. Recent economic events provide no better example of the need to impose just punishment on those who demonstrate a lack of respect for honest business dealings. Lenders relied, to their detriment, on the truthfulness of representations made by Ms. Baydovskiy and her co-defendants regarding a borrower's purported qualifications and the value of the properties to be pledged as security for the fraudulently obtained loans. Motivated by simple greed and the perceived reduced risk of detection, Ms. Baydovskiy and her colleagues were undeterred by ethical constraints to make true and accurate representations regarding property values and a prospective borrower's creditworthiness.

The recommended fifteen (15) month term of imprisonment would signal to the entire real estate industry the seriousness with which fraudulent practices will be sanctioned. Those who participate in these schemes, even if acting under the direction of others, must be held

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

accountable for a failure to exercise their independence when faced with choosing whether to act with honesty. The standards of honesty and transparency so readily abused and ignored by the defendants in this case would best be served by the recommended term of imprisonment. Judicial recognition that dishonest business practices will not be excused regardless of "market conditions" would be underscored by imposing the requested sentence.

### 4. Afford Adequate Deterrence to Criminal Conduct

The government has every reason to believe that this prosecution, together with a custodial sentence of the requested duration, will deter Ms. Baydovskiy from engaging in further criminal conduct. An equally important consideration, however, is the deterrent effect this prosecution and the resulting sentences will have on the broader real estate and mortgage lending industries. As discussed above, countless others employed in the mortgage lending industry profited from using many of the same fraudulent practices prosecuted in this case.[2]

These professionals presumably engaged in a risk analysis, concluding that the threat of detection and accountability was outweighed by the loan proceeds so readily stolen from lenders and unwitting borrowers. The significant terms of imprisonment sought by the government for all of the defendants in this case would signal to others in the industry an increased risk to engaging in similar fraudulent conduct, tipping the balance in favor of honest and transparent business dealings. Ms. Baydovskiy may have dealt with the added pressure of following her husband's instructions but it cannot fully mitigate her personal choices.

### 5. Avoid Unwarranted Sentence Disparity Among Defendants

This court has sentenced defendants Alla Sobol, David Sobol, and Camie Byron to twenty-four (24) month terms of imprisonment. A fourth defendant, Sandra Thorpe received a probationary sentence and was ordered to perform 200 hours of community service. Ms.

---

[2] The Mortgage Asset Research Institute's March 2009 report to the Mortgage Bankers Association reports that "fraud incidence is at an all-time high," and "[e]merging fraud trends are further draining lender, law enforcement, and consumer resources in the industry's most challenging times." http://www.marisolutions.com/resources-news/press-release-20090316.asp There were 63,713 mortgage fraud related suspicious activity reports filed with FinCEN in fiscal year 2008, compared to 17,127 such reports in fiscal year 2004 --an increase of 370%.

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Baydovskiy's conduct warrants imposition of a sentence less severe than that imposed on the Sobols and Ms. Byron but more severe than the probationary sentence given Ms. Thorpe.

Ms. Baydovskiy undertook her participation in the scheme based solely on the direction of her husband. There is no information indicating that she was self motivated to open an escrow company. Having assented to her husband's request, however, the Defendant became an active participant. She prepared closing documents for dozens of transactions, many of which included fraudulent representations intended to divert loan proceeds and conceal the scheme from lenders. In many cases, Ms. Baydovskiy was aware of the fraudulent representations but did nothing to stop the conduct.

## V.  CONCLUSION

The sentence recommended by the government fully recognizes Ms. Baydovskiy's role in the mortgage fraud scheme perpetrated by her co-defendants. While she may not have fully understood the scope of the scheme, she admittedly prepared and submitted false documentation intended to conceal the fraud. She also enjoyed the lifestyle afforded by the fraudulently obtained loan proceeds diverted through her assistance to her husband and related businesses.

DATED this 14th day of December, 2009

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

/s/ James D. Oesterle
JAMES D. OESTERLE
WSBA # 16399
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Ste. 5220
Seattle, WA 98101
Facsimile:  206-553-2502
Phone:  206-553-5040
E-mail: jim.oesterle@usdoj.gov

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

/s/ James D. Oesterle
JAMES D. OESTERLE
WSBA # 16399
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Ste. 5220
Seattle, WA 98101
Facsimile: 206-553-2502
Phone: 206-553-5040
E-mail: jim.oesterle@usdoj.gov

Government's Sentencing Memorandum
Baydovskiy, Donata
Baydovskiy et al., CR-09-0084-MJP - 12

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970